## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOEL MAYORAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 03-cv-0315-MJR |
| | ) |
| REJEAN VUICHARD, | ) |
| KAREN McKINNEY, and | ) |
| PATRICIA WILSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM and ORDER

**REAGAN**, **District Judge:**

### A. Introduction

In May 2003, the United States District Court for the Northern District of Illinois transferred the above-captioned prisoner civil rights action to the Southern District of Illinois. In this suit filed under 42 U.S.C. § 1983, inmate Joel Mayoral alleged that Defendants (various officials employed by the Illinois Department of Corrections) were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment to the United States Constitution.

The case proceeded to a four-day jury trial before the undersigned Judge, beginning on January 30, 2006. On February 2, 2006, the jury returned verdicts in favor of all three Defendants – Vuichard, McKinney, and Wilson.[1] On February 2006, Plaintiff Mayoral moved for a new trial.

For the reasons stated below, the Court **DENIES** that motion (Doc. 188).

---

[1] Several named Defendants were dismissed before the case arrived in this Court, via rulings on November 23, 1999 and October 17, 2002. Four Defendants remained when the case was transferred to this District. One of those four – Lidia Downs – was voluntarily dismissed on day one of trial (*see* Doc. 174).

### B. Analysis

Mayoral tenders four grounds to support his request for a new trial. First, he maintains that the verdicts were against the weight of the evidence. Second, he asserts that the Northern District of Illinois, before transferring the case to this District, erred in granting summary judgment in favor of Defendant Mesrobian. Third, Mayoral assigns error to the giving of Court's Instruction 6. Finally, Mayoral contends that the Court erred in failing to give Plaintiff's Proposed Jury Instruction 33.

**FEDERAL RULE OF CIVIL PROCEDURE 59(a)** provides that in any action where there has been a jury trial, a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." That language has been interpreted to mean that a district court may grant a new trial only if the jury's verdict was against the manifest weight of the evidence, or a new trial is necessary to prevent a miscarriage of justice. *See Romero v. Cincinnati, Inc.*, 171 F.3d 1091, 1096 (7th Cir. 1999); *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995); *Sokol Crystal Products, Inc. v. DSC Communications Corp.*, 15 F.3d 1427, 1432 (7th Cir. 1994).

> The law of this Circuit holds:
>
> A new trial may be granted only if the verdict is against the clear weight of the evidence.... **"[W]e will not set aside a jury verdict if a reasonable basis exists in the record to support that verdict...."** The evidence must be viewed in the light most favorable to the prevailing party and issues of credibility and weight of evidence are within the purview of the jury.

*Carter v. Chicago Police Officers*, 165 F.3d 1071, 1079 (7th Cir. 1998)(emphasis added). *Accord Cefalu v. Village of Elk Grove*, 211 F.3d 416, 424 (7th Cir. 2000).

Here, the jury's verdicts were *not* contrary to the manifest weight of the evidence.

Nor is the record is devoid of a reasonable basis to support the verdicts.

At trial, Mayoral claimed that Defendants violated his constitutional rights by their deliberate indifference to his serious medical condition. Specifically, Mayoral – who was confined to a wheelchair – had a fractured left wrist. He argues that a "broken hand is obviously a serious medical need," and "it took over three years" for Defendants to send Mayoral for surgery (Doc. 189, pp. 2-3). These facts (that Mayoral had a broken wrist and that he did not immediately get surgery on that wrist) did not mandate a verdict in Mayoral's favor and do not establish that he is entitled to a new trial.

Just last week, the United States Court of Appeals for the Seventh Circuit explained:

> The Eighth Amendment prohibits cruel and unusual punishment. The Supreme Court has interpreted this prohibition, as incorporated through the Fourteenth Amendment, as imposing a duty on states "'to provide adequate medical care to incarcerated individuals." *Doughty*, 433 F.3d at 1010.... Prison officials fail in this duty if "they display deliberate indifference to serious medical needs of prisoners." *Id*.... Thus, a claim that a prison official has violated the Eighth Amendment must demonstrate two elements: (1) an objectively serious medical condition, and (2) deliberate indifference by the prison officials to that condition. *Zentmyer v. Kendall County*, 220 F.3d 805, 810 (7th Cir.2000)....
>
> [W]e need not decide whether Johnson's disability constituted a serious medical need, because even assuming that Johnson exhibited such a need, Johnson does not demonstrate that the named defendants were deliberately indifferent.

***Johnson v. Snyder,* – F.3d –, 2006 WL 861122, \*3 (7th Cir. April 5, 2006)**

In the case at bar, assuming Mayoral proved he had a serious medical need, it does not necessarily mean he proved Defendants were deliberately indifferent to that medical need.

In ***Johnson,*** the Seventh Circuit reiterated that a *subjective* standard governs deliberate indifference claims. To demonstrate deliberate indifference, a plaintiff/prisoner "must

3

show that the defendants acted with a sufficiently culpable state of mind." ***Id.*** Moreover, deliberate indifference "is more than negligence and approaches intentional wrongdoing." ***Id., quoting Collignon v. Milwaukee County*, 163 F.3d 982, 988 (7th Cir. 1998).**

Stated another way, deliberate indifference is "essentially a criminal recklessness standard," requiring the prison officials to have ignored a known risk. ***Id.*** Even gross negligence does not rise to the level of deliberate indifference. The officers must have been subjectively aware of the serious medical need <u>and</u> acted with indifference to that need. ***Id., citing Riccardo v. Rausch*, 375 F.3d 521, 526 (7th Cir. 2004).**

In the instant case, Defendants adduced evidence that they *were* responsive to Mayoral's needs. Testimony was presented that Mayoral did receive medical care for his wrist, including diagnostic testing and physician consults. For example, Defendant Rejean Vuichard (a registered nurse who worked in the Health Care Unit at Pinckneyville Correctional Center) testified that Mayoral was seen by a surgeon (Dr. Rahim) in March 1999, and that Dr. Rahim recommended an orthopedic referral. Mayoral was sent for an orthopedic consultation as soon as an orthopedist was available, which was roughly five months later (the institution did not employ an orthopedic doctor). In the meantime, however, Mayoral was seen by Dr. Larson (in early April 1999). Larson ordered a splint for Mayoral's wrist, ordered a follow-up x-ray in four weeks, and advised Mayoral to keep the weight off his wrist as much as he was able.

As to the fact that Defendants did not accede to Mayoral's request for leg braces, Defendant Karen McKinney (Assistant Warden at Pinckneyville) testified that the type of braces Mayoral requested posed serious security concerns (*i.e.*, could be used as a weapon).

Clearly, it fell within the jury's purview to find the defense witnesses credible on the

question of their attentiveness and response to Mayoral's medical needs. Given the evidence in the record, a reasonable jury could have concluded that Defendants' conduct did not rise to the level of deliberate indifference. Ample evidence supported that conclusion, and this Court may not re-weigh the evidence or second-guess the jury's determination. Mayoral's challenge to the sufficiency of the evidence fails.

Mayoral's second argument in support of a new trial motion is weak and unpersuasive. He takes issue with the Northern District of Illinois' grant of summary judgment in favor of Defendant Antreas Mesrobian. Mesrobian was the Medical Director at Dixon Correctional Center, where Mayoral was confined prior to his March 1999 transfer to Pinckneyville Correctional Center. In his motion for new trial, Mayoral insists that there existed "a jury issue as to whether Defendant Mesrobian was more than merely negligent" (Doc. 189, p. 5).

The undersigned Judge disagrees. The October 2002 Order granting summary judgment in favor of Mesrobian (*see* copy at Doc. 192-2) lists in detail the facts undermining Mayoral's claim that Mesrobian was deliberately indifferent to Mayoral's serious medical needs. For instance, page 2 of Judge Philip G. Reinhard's Order (*id.*) states:

> Mayoral admits he saw Dr. Mesrobian five times over a six month period, and actually missed two other appointments with him. On three of the occasions he saw Mayoral, Dr. Mesrobian referred him to Dr. Tulyasathien, an orthopedic specialist, to further treat his fractured wrist. Dr. Mesrobian also ordered x-rays for Mayoral's fractured wrist on his second visit with Mayoral. Thus, far from exhibiting deliberate indifference, the record reveals Dr. Mesrobian did in fact provide Mayoral with medical treatment.

The record before Judge Reinhard showed at most a difference of opinion regarding the best course of treatment for Mayoral. Such differences of opinion do *not* constitute deliberate indifference. ***Gil v. Reed*, 381 F.3d 649, 663 (7th Cir. 2004);** ***Snipes v. DeTella*, 95 F.3d 586, 592**

**(7th Cir. 1996).** Because the record revealed no genuine issue of material fact, and Mesrobian was entitled to judgment as a matter of law, Judge Reinhard properly granted summary judgment in Mesrobian's favor. Mayoral's second ground for a new trial is unavailing.

Nor is this Court persuaded by Mayoral's arguments regarding the jury instructions. Mayoral first complains that the Court erred in giving Court's Instruction 6.[2] That instruction read, in its entirety:

> When I use the term "deliberately indifferent," I mean that a Defendant actually knew of a substantial risk of serious harm, and that the Defendant consciously disregarded this risk by failing to take reasonable measures to deal with it. In deciding whether a Defendant failed to take reasonable measures, you may consider whether it was practical for her to take corrective action.
>
> If Defendant took reasonable measures to respond to a risk then she was not deliberately indifferent, even if Plaintiff was ultimately harmed.
>
> If you find that a Defendant strongly suspected that things were not as they seemed, yet shut her eyes for fear of what she would learn, you may conclude that she was deliberately indifferent. You may not conclude that a Defendant was deliberately indifferent if she was merely careless in failing to discover the truth.
>
> Plaintiff must prove by a preponderance of the evidence that a Defendant was personally involved in the conduct that Plaintiff complains about. You may not hold a Defendant liable for what other employees did or did not do.

Mayoral can have no legitimate gripe about the first paragraph of Court's 6, as it mirrors his own Proposed Instruction 29 and comes straight from 7th Circuit Pattern Instruction

---

[2] Defense counsel asserts (Doc. 197, p. 2) that Mayoral never objected to Court's 6 at trial, but the record establishes that Mayoral's counsel did indeed object to this instruction.

7.14.[3] The second paragraph of Court's 6, which also comes from 7th Circuit Pattern Instruction 7.14, is bracketed/optional language – the giving of which lies in the trial court's discretion. The sentence was particularly appropriate given the evidence adduced at trial here.

The third paragraph of Court's 6 – commonly referred to as an "ostrich" instruction – comes from the Committee Comments to Seventh Circuit Patten Instruction 7.14. Those Comments inform that the ostrich language may be useful in certain circumstances. The case at bar presented the proper circumstances for the ostrich language.

The final paragraph of Court's 6 – addressing the need for the Defendant to have been personally involved in the conduct at issue – was taken verbatim from 7th Circuit Patten Instruction 7.02, accurately reflects the law of this Circuit, and was appropriately given in this instant case. Nothing about the Court's combination of the 7.14 and 7.02 instructions created undue confusion, prejudiced Mayoral, or warrants a new trial.

Likewise lacking merit is Mayoral's argument that the Court's failure to give Plaintiff/Mayoral's Proposed Instruction 33 requires a new trial. (The memo supporting Mayoral's new trial motion erroneously refers to the challenged instruction as Plaintiff's **32**, but clearly this argument is directed to Plaintiff's 33.) Plaintiff's 33, the source for which was listed as the United States Constitution, stated: "The United States Americans with Disability Act takes precedence over Illinois Department of Corrections directives or guidelines."

Although testimony at trial did touch upon certain "accommodations" made for Mayoral in prison, his claims rested on the Eighth Amendment, not the Americans with Disabilities

---

[3] These pattern instructions do not have the imprimatur of the Court of Appeals, but they are the studied product of an informed committee and entitled to some deference.

Act. Plaintiff's Proposed Instruction 33 would have muddied the waters concerning the law governing the jury's decision (federal disability law? prison guidelines?). Furthermore, Plaintiff's 33 would have invited the jury to decide the case based on whether or not prison officials had properly accommodated Mayoral's underlying condition – paraplegia – as opposed to whether or not the three named Defendants were deliberately indifferent to Mayoral's fractured wrist. The Court properly refused to give Plaintiff's Proposed Jury Instruction 33, and Rule 59 relief does not lie from that ruling.

### C. Conclusion

In ruling on a motion for new trial, the District Court must decide whether the verdict is against the weight of the evidence, whether the damages are excessive, and whether the trial – for other reasons – was unfair to the moving party. ***Kapelanski v. Johnson,* 390 F.3d 525, 530 (7th Cir. 2004).** The Court should *not* grant a new trial "if a reasonable basis exists in the record to support the verdict..., leaving issues of credibility and weight of evidence to the jury." ***Id., quoting Carter,* 165 F.3d at 1079.** In the case *sub judice*, abundant evidence in the record provided a reasonable basis supporting the jury verdicts and credibility determinations.

For all these reasons, the Court **DENIES** Mayoral's motion for new trial (Doc. 188).

**IT IS SO ORDERED.**

**DATED this 17th day of April, 2006.**

    **s/ Michael J. Reagan**
    **MICHAEL J. REAGAN**
    **United States District Court**